UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID EHRICH,

    Plaintiff,

v.                                              Case No.: 1:15-cv-22796-KMM

CONVERGENT OUTSOURCING, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**

    COMES NOW, Defendant CONVERGENT OUTSOURCING, INC. ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby files this Motion to Dismiss, and states the following in support thereof:

    **I.    Factual Background / Procedural History.**

    Plaintiff brings this action alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") through the sending of a "written communication" to Plaintiff "regarding an alleged debt that was several years old." *See,* DE 1-4 at ¶ 8. More specifically, Plaintiff alleges that "[i]n the written communication, Defendant failed to indicate that the debt was too old to be enforced in court (statute of limitations expired) but nevertheless made an offer to 'settle' the debt on a discounted basis[.]" *Ibid.* at ¶ 9. Plaintiff further asserts that "[b]ased on the FDCPA's 'least sophisticated consumer' standard, the foregoing could be construed to be a threat to sue if an agreement is not reached and is therefore misleading" in violation of 15 U.S.C. § 1692e. *Ibid.* at ¶¶ 10, 14. Plaintiff does not allege that the debt at issue is not owed or is otherwise illegitimate.

    The letter at issue is dated November 13, 2014 and states, in pertinent part:

> Dear David Ehrich:
>
> This account was placed with our office to recover the amount due, Convergent Outsourcing will be handling the account on behalf of LVNV Funding LLC. The records of LVNV Funding LLC show that your account has a past due balance of $[REDACTED].
>
> Our client has advised us that they are willing to settle your account for 50% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $[REDACTED] to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

*See*, "Exhibit A" attached hereto.[1]

Through the instant Motion, Defendant seeks dismissal of Plaintiff's Complaint as Plaintiff has failed to state a claim upon which relief may be granted.

## II.     Legal Standard.

Under Federal Rule of Civil Procedure 8(a)(2) a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has found this requirement necessary in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide such grounds for relief in the Complaint cannot be satisfied by mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* While the pleading standard in Rule 8 does not require

---

[1] While the letter in question is not attached to Plaintiff's Complaint, the Court may properly consider the letter in ruling on the instant Motion to Dismiss. *See, e.g., Pesci v. Budz*, 2:10-CV-428-FTM-38, 2015 WL 1349711, at *2 (M.D. Fla. Mar. 25, 2015)("In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.")(citing *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004)).

detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

In order to survive a Rule 12(b)(6) motion to dismiss, a Complaint must provide the grounds of the Plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Additionally, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" is distinguishable from a "probability standard" in that the former asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a Complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief". *Id.*, (internal quotation marks omitted).

The Supreme Court in *Iqbal* examined the two-pronged approach to determining the sufficiency of a Complaint set forth by the Court in *Twombly*. First, the Court found that the tenet that a court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. Specifically, the Court stated that while "for purposes of a motion to dismiss we must take all of the factual allegations in the Complaint as true, we are not bound to accept as a true a legal conclusion couched as a factual allegation." *Id* at 1949-1950. The Court further noted that while Rule 8 marks a generous departure from the code-pleading requirements of years past, it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id* at 1950.

Second, in addition to requiring more than mere legal conclusions to support a claim for relief, the *Iqbal* Court stated that only a complaint that is plausible survives a motion to dismiss.

*Id.* While the task of determining the plausibility of a claim is largely context-specific, in cases where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged, but it has not shown, that the pleader in entitled to relief, and therefore cannot survive a motion to dismiss. *Id.*

### III.   Argument.

As detailed *supra*, Plaintiff alleges that Defendant's letter was "false, misleading, and/or deceptive" as thus in violation of section 1692e as the letter "failed to indicate that the debt was too old to be enforced in court (statute of limitations expired)[.]" *See,* DE 1-4 at ¶¶ 9 and 14. However, because the FDCPA does not require debt collectors to advise debtors that a debt may be outside the applicable statute of limitations absent a threat of litigation, Plaintiff's claim fails as matter of law.

   a. **The FDCPA does not require Defendant to provide Plaintiff with legal advice.**

"Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices." *Fuller v. Becker & Poliakoff, P.A.,* 192 F.Supp.2d 1361, 1366 (M.D.Fla.2002) (*citing Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367 (11th Cir.1998)). The FDCPA was not, however, enacted to require debt collectors to advise consumers of potential defenses to legal actions. *See, e.g., Dimatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 14-3746, 2015 WL 4281508, at *2 (2d Cir. July 16, 2015)(recognizing that the FDCPA does not require communications from debt collectors to identify defenses that consumers might present); *Daugherty v. Convergent Outsourcing, Inc.*, CIV.A. H-14-3306, 2015 WL 3823654, at *2 (S.D. Tex. June 18, 2015)(Noting that neither section 1692e nor 1692f require that "legal advice must be given on […] state statutes of limitations for lawsuits[.]").

"[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); *see also, Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 771 (8th Cir.2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."); *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011)(threat to sue on time-barred debt violates the FDCPA); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 529 (D. Md. 2001)("[N]o violation of the FDCPA occurs solely because a debt validation notice silent on the time-bar issue is sent to the debtor."); *Schaefer v. ARM Receivable Mgt., Inc.*, CIV.A. 09-11666-DJC, 2011 WL 2847768, at *3 (D. Mass. July 19, 2011)("Schaefer cannot recover under either § 1692f or § 1692e(2) on the basis of the respective attempts of Northland and ARM to collect on his time-barred debt […as…] a number of courts that have addressed it have held that a debt is not extinguished because the statute of limitations expires; rather, the statute of limitations merely precludes judicial enforcement to collect on the debt.").

In *Daughtery*, a case involving facts strikingly similar to those at issue in the case at bar, the plaintiff alleged that the defendant's sending of a collection letter entitled "Settlement Offer" violated sections 1692e and 1692f. *Id.*, 2015 WL 3823654 at *1 – 2. Specifically, the plaintiff alleged that the letter in question failed "to advise that the Debt was outside the applicable statute of limitations[.]" *Id.* at *2. In dismissing the plaintiff's complaint for failure to state a claim, the Court held:

> In this instance, the debt is not disputed, and there is no allegation that it is not a lawful existing debt of Plaintiff. Courts have regularly held that it is not a violation of the FDCPA to attempt to collect an actual debt for which the statute of limitations has run so long as the debt collector does not file or threaten the filing of litigation."[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts ." *Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 32–33 (3d Cir.2011) (collecting cases and affirming dismissal of claims under §§ 1692e and 1692f because dunning letter did not threaten litigation). *See also, e.g., Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 771 (8th Cir.2001) ("Here, no legal action was taken or even threatened. As several cases have noted, a statute of limitations does not eliminate the debt; it merely limits the judicial remedies available. We ... hold that, in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.") (rejecting claims under §§ 1692e and 1692f).

*Id.* at *4.

The Court in *Daughtery* went on to explain that accepting the plaintiff's theory of liability would be at odds with congressional intent:

> Congress's declared purpose for this remedial legislation was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."15 U.S.C. § 1692(e).
>
> […]
>
> Defendants here did not engage in an "abusive debt collection practice" within the meaning of the FDCPA. Indeed, a reading of the catalog of debt collector abuses listed in Sections 1692e and 1692f—none of which applies—demonstrates the stark contrast between what Congress regarded as "false, deceptive, or misleading representation or means" and "unfair or unconscionable means" to collect a debt, and Defendants' statutory-compliant, nonthreatening written offer to settle in full a $32,405.91 past due account for $3,240.59.

> Accordingly, Plaintiff has not stated a claim for which relief can be granted for violation of the FDCPA.

*Id.* at *6 – 7.

In the instant case, as in *Daughtery*, Plaintiff has not alleged that he is not morally obligated to pay the debt or that the debt is otherwise invalid. Instead, Plaintiff, like the plaintiff in *Daughtery*, claims that Defendant's failure to advise him that the debt "was too old to be enforced in court" violates § 1692e. *See,* DE 1-4 at ¶ 9. However, the letter in question contained no indication or threat that Defendant would be seeking to enforce the debt in court. In fact, as in *Daugherty*, "no lawsuit is mentioned or threatened, either expressly or impliedly." *Id.*, 2015 WL 3823654 at *2. Accordingly, Defendant's "statutory-compliant, nonthreatening written offer to settle" Plaintiff's debt does not violate the FDCPA as a matter law, as "the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Id.*, 2015 WL 3823654 at *4, 7 (citing *Huertas,* 641 F.3d at 32–33).

### b. The FDCPA requires debt collectors to make certain disclosures, none of which involve the applicable statute of limitations.

As the Eleventh Circuit has recognized, "[a] general guide to statutory construction states 'that the mention of one thing implies the exclusion of another; *expressio unius est exclusio alterius.*'" *U.S. v. Castro*, 837 F.2d 441, 442 (11th Cir. 1988)(citing 73 Am.Jur.2d, *Statutes,* sec. 211, at 405). Here, the statutory scheme at issue mandates that debt collectors make certain disclosures when communicating with debtors in an attempt to collect a debt. *See, e.g.,* 15 U.S.C. § 1692g(a)(requiring specific disclosures within five days following an initial communication from a debt collector in an attempt to collect a debt); 15 U.S.C. § 1692e(11)(requiring debt

collectors to advise that all communications in an attempt to collect a debt are from a debt collector and for debt collection purposes). The FDCPA does not, however, contain any requirement that debt collectors inform consumers of the applicable statute of limitations or advise consumers of potential defenses to a legal action to collect upon the debt, when no such legal action has been mentioned or threatened. As such, there cannot be liability under the FDCPA for the failure to disclose information which the FDCPA does not require debt collectors to disclose. *See, e.g., U.S. v. Iwanski*, 805 F. Supp. 2d 1355, 1359 (S.D. Fla. 2011)(Altonaga, J.)(applying the "*expressio unius est exclusio alterius* canon of statutory construction" to the FDCPA); *Muzuco v. Re$ubmitIt, LLC*, 11-62628-CIV, 2012 WL 3242013, at *4 (S.D. Fla. Aug. 7, 2012)(Scola, J.)(same); *Ausar-El ex rel. Small, Jr. v. BAC (Bank of Am.) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011)(same); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009)(same).

As Plaintiff does not allege (nor could he allege) that the letter at issue did not contained all FDCPA-mandated disclosures, Plaintiff's claim must fail as a matter of law. *See, e.g., Aronson v. Com. Fin. Services, Inc.*, CIV.A. 96-2113, 1997 WL 1038818, at *3 (W.D. Pa. Dec. 22, 1997)(finding that letter seeking to collect upon time-barred debt did not violated section 1692e as "the letters properly track the language required by 15 U.S.C. § 1692g"); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000)(dismissing plaintiff's claims based upon a collection letter sent on time-barred debt "since the debt validation notice in this case does not threaten a lawsuit or any further collection action, fails to affect any substantive rights the debtor might have, and follows the language of § 1692g"); *Johnson v. Capital One Bank*, CIV. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000)("Creditors are

entitled to attempt to pursue even time-barred debts, so long as they comply with the rules of the FDCPA.")

### c. Defendant's offer to "settle" does not constitute a "threat to sue".

Perhaps aware of the litany of case law holding that a debt collector's attempt to collect upon a time-barred debt cannot give rise to an FDCPA claim absent a threat of litigation, Plaintiff alleges that Defendant's offer to "settle" his outstanding debt "could be construed to be a threat to sue[.]" *See,* DE 1-4 at ¶¶ 9 – 10. However, because Plaintiff's attempt to transform an offer to settle into a threat of impending litigation is without merit, his claim must fail as a matter of law.

It is well-settled that a debt collector's offer to "settle" an outstanding debt does not constitute an implicit or explicit threat to bring legal action. *See, e.g., Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 478-79 (D.N.J. 2012)("The letter, however, is an offer to settle the debt and does not constitute or contain a threat to take any action, which is the conduct prohibited by § 1692e(5)"); *Schaefer v. ARM Receivable Mgt., Inc.*, CIV.A. 09-11666-DJC, 2011 WL 2847768, at *4 (D. Mass. July 19, 2011)(finding that "[e]ven the least sophisticated consumer would not understand [offers to settle a debt] to explicitly or implicitly threaten litigation."); *Daugherty*, 2015 WL 3823654 at *6 ("The Court finds no plausibility in Plaintiff's contention that an offer to settle her 'account in full' for pennies on the dollar-rather than to demand full payment of the entire $32,405.91—should reasonably cause an 'unsophisticated consumer' who is 'neither shrewd nor experienced in dealing with creditors' to believe she is being threatened with a lawsuit or that collection could be achieved through judicial means.")

In *Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1044 (S.D. Ohio 1997) *aff'd*, 97-3979, 1998 WL 773989 (6th Cir. Oct. 15, 1998), the plaintiff alleged that the defendant's letter

which stated, in part, "[w]e suggest that you take steps to voluntarily settle this long overdue account, this is our FINAL NOTICE" violated section 1692e's proscription against threatening to take any action that cannot be legally taken or that is not intended to be taken. In finding that that the language at issue did not constitute a "threat" as a matter of law, the Court held:

> The Plaintiff's argument is not compelling. First, the Court finds from the language of the letter, no threat of legal action is present. This Court is unwilling to accept that merely encouraging a debtor to take steps to "voluntarily" settle a long overdue account "threatens" that "involuntary" settlement, or court action is imminent. The language of the notice is clear the debt collector is informing the debtor that the debt collector's attempts to collect the debt are about to come to an end and that the decision of what will happen next will be made by the creditor. […] The least sophisticated consumer would not interpret this notice as an indication that legal action was imminent.

*Id.*

In the instant case, the letter at issue states, in part, that the current creditor of the debt at issue is "willing to settle [the] account for 50% of [the] total balance due". *See,* Exhibit "A". The letter contains no threat of any future action, litigation or otherwise. Because the use of the word "settle" does not constitute a "threat to sue" as a matter of law, Plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted.

### IV.    Conclusion.

The FDCPA requires debt collectors make certain disclosures and refrain from engaging in abusive or deceptive practices when communicating with consumers in an attempt to collect a debt. The FDPCA does not prohibit debt collectors from seeking voluntary payment on debts outside of the statute of limitations nor does it require that debt collectors provide consumers with legal advice. In the instant case, Defendant's attempt to collect upon Plaintiff's debt was permissible, as the letter at issue contained no implicit or explicit threat of litigation. As such,

Plaintiff has failed to state a claim upon which relief may be granted and his Complaint must be dismissed.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion to Dismiss.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ**.**
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

         /s/ Benjamin W. Raslavich
        BENJAMIN W. RASLAVICH, ESQ.
        Florida Bar No.: 0102808