UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

15-CV-22796-KMM

DAVID EHRICH,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

_____/

## RESPONSE TO MOTION TO DISMISS

Plaintiff hereby responds to Defendant's Motion to Dismiss in the above-styled action and states the following.

Defendant's Motion to Dismiss must be denied because its contention that a *limited time* offer to "settle" a time-barred debt *without disclosing* to the consumer that the debt is time-barred fails to state a cause of action under the Fair Debt Collection Practices Act ("FDCPA") is at odds with express federal appellate law and federal agency interpretation.[1]

When a collector of consumer debt offers in writing to "settle" a debt for less than its face value, under a deadline, but without indicating that the debt is unenforceable in court, such facts support a claim under the FDCPA as a misleading statement. As explained in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2013), "we conclude that an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or

---

1 See Exhibits A and B, amici briefs filed jointly by the Federal Trade Commission and Consumer Financial Protection Bureau in essentially identical cases where the agencies were adamant that a written offer to settle a time barred debt without disclosing that the debt is time barred states a cause of action under the FDCPA. The amici briefs are adopted by reference and incorporated into this Response. Although the FTC construction of the FDCPA is not binding on this Court, courts have held that its interpretation should be accorded "considerable weight." *Hawthorn v. MAC Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998).

'settlement.'" *Id.* At 1022.

The *McMahon* Court does cite two cases from the Third and Eighth Circuits where plaintiffs sued under the FDCPA based on collection letters relating to stale debt that were ultimately dismissed for failing to state claims. These cases are distinguishable, however, from *McMahon* and the instant case. In both *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) and *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28 (3rd Cir. 2011), the plaintiffs had received dunning letters seeking payment of a debt with no indication that the debt was stale. Importantly, though, unlike both *McMahon* and the instant case the dunning letters in *Freyermuth* and *Huertas* simply sought payment of the debt and did not offer to "settle" under an artificial deadline. The *Freyermuth* and *Huertas* Courts do however state *in dicta* that to state a claim would require litigation or the threat of litigation in addition to the debt being unenforceable. *Freyermuth* at 771; *Huertas* at 34. The more recent construction of the FDCPA in *McMahon*, does not reject *Freyermuth* and *Huertas*, but explains

> We do not hold that it is automatically improper for a debt collector to seek repayment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished. But, as we held in *Phillips, supra,* if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation (the requirement the Third and Eighth Circuits added to the mix), the collector has violated the FDCPA. ***Because it is plausible that an unsophisticated consumer would believe a letter that offers to "settle" a debt implies that the debt is legally enforceable, it was correct in Delgado to decline to dismiss the action at this stage, and incorrect to dismiss the class allegations in McMahon.***
>
> The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute. Section 1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA. ***Matters may be even worse if the debt collector adds a threat of litigation, see 15 U.S.C. § 1692e(5), but such a threat is not a necessary element of a claim.***

*Id.* at 1020. In other words, the *McMahon* Court certainly agrees that litigation or the threat of litigation over a stale debt runs afoul of the FDCPA, but reasons that actual litigation or the threat of litigation are not required because other, more subtle language could mislead a consumer into thinking that the debt could be enforced in court.

In the instant case, Plaintiff received a dunning letter offering to "settle" a debt under a 45 day deadline without indicating that the statute of limitations had expired. These facts fall squarely into the reasoning of *McMahon* and the claim's viability is clearly supported by both the FTC's and CFPB's construction and interpretation of the FDCPA. As such the Court should deny Defendant's Motion to Dismiss.

_____/s/_____
Bruce B. Baldwin, Esq. FBN 493023
Debt Defense Law 6915 Red Road, Suite 200
Coral Gables, Florida 33143
Tel.: (305) 444-4323
service@debtdefenselaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on GOLDEN SCAZ GAGAIN, PLLC via the Court's CM/ECF system this 6th day of August 2015.

_____/s/_____
BRUCE B. BALDWIN