UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

15-CV-22796-KMM

DAVID EHRICH,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.

_____/

## AMENDED MOTION FOR LEAVE TO AMEND

Plaintiff hereby requests that the Court enter an order granting leave to amend and deeming as filed the proposed Amended Complaint attached hereto as Exhibit A pursuant to Rule 15 and states the following.

Plaintiff wishes to add LVNV Funding, LLC ("LVNV") as a defendant in the above-styled action by way of amendment. As set forth below, the granting of this Motion will permit Plaintiff to establish certain facts necessary to prove his claim.

The denial of a motion for leave to amend a complaint is reviewed on an abuse of discretion standard. *Compamnia Naviera Horamoar v. Marine Gear, Inc.*, 192 Fed.Appx. 899 (11th Cir 2006). The United States Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). Therefore, the court must have a substantial reason to deny a motion to amend. *Laurie*, 256 F.3d at 1274. Substantial reasons justifying a denial include "undue delay,

bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *see also Hargett v. Valley Fed. Savings Bank,* 60 F.3d 754, 761 (11th Cir.1995).

Here, a central issue of claim brought under the Fair Debt Collections Practice's Act is that collection agency, Defendant, Convergent Outsourcing, Inc. ("Convergent') attempted to collect on a time-barred debt without disclosing that the alleged debt was not enforceable in court. It was not known or anticipated at the time of filing the initial Complaint that Convergent would deny that the alleged debt was stale and simultaneously claim ignorance of when the statute of limitations commenced. However, proposed defendant LVNV, being the owner of the alleged debt, is vicariously liable for the acts of Convergent *and* possesses the documentation that, though discovery, will permit Plaintiff to establish that the alleged debt was time-barred as alleged in Plaintiff's Complaint.

**WHEREFORE,** Plaintiff requests that the Court enter an order granting leave to amend and deeming the proposed Amended Complaint filed as of the date of the order, and providing any such further relief it deems just and equitable.

                                                        /s/
                                      Bruce B. Baldwin, Esq. FBN 493023
                                      Debt Defense Law 6915 Red Road, Suite 200
                                      Coral Gables, Florida 33143
                                      Tel.: (305) 444-4323
                                      service@debtdefenselaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

GOLDEN SCAZ GAGAIN, PLLC via the CM/ECF system this 13th day of October 2015.

_____/s/_____
BRUCE B. BALDWIN