UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22796-KMM

DAVID EHRICH,

    Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

    Defendant.
                                       /

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

This cause is before the Court on Defendant Convergent Outsourcing, Inc.'s Motion to Dismiss (ECF No. 10), as well as Plaintiff David Ehrich's Amended Motion for Leave to Amend Complaint (ECF No. 20). For the reasons that follow, the Motion to Dismiss is granted and the Motion for Leave to Amend is denied.

**I.    BACKGROUND**

This is an action brought by Plaintiff David Ehrich against Defendant Convergent Outsourcing, Inc. under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. ("FDCPA").

In his Complaint, Ehrich alleges that Convergent violated the FDCPA in sending him a letter "regarding an alleged debt that was several years old." *See* Compl. ¶ 8 (ECF No. 1-4). Specifically, Ehrich claims the letter "failed to indicate that the debt was too old to be enforced in court (statute of limitations expired) but nevertheless made an offer to 'settle' the debt on a discounted basis[.]" *Id*. ¶ 9. "Based on the FDCPA's 'least sophisticated consumer' standard,"

Ehrich argues, "the foregoing could be construed to be a threat to sue if an agreement is not reached and is therefore misleading" in violation of the FDCPA. *Id.* ¶¶ 10, 14. Ehrich does not allege the debt is not owed or is otherwise illegitimate.

The letter at issue is dated November 13, 2014, and states in pertinent part:

Dear David Ehrich:

This account was placed with our office to recover the amount due, Convergent Outsourcing will be handling the account on behalf of LVNV Funding LLC. The records of LVNV Funding LLC show that your account has a past due balance of $[REDACTED].

Our client has advised us that they are willing to settle your account for 50% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $[REDACTED] to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Def.'s Mot. to Dismiss, Ex. A (ECF No. 4-1).[1]

Convergent moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In response, Ehrich moves to amend the Complaint to add LVNV Funding, LLC ("LVNV") as a defendant, which he says will allow him to establish certain facts necessary to prove his claim: that, contrary to Convergent's representations, Convergent knew the debt was time-barred.

The Court now turns to the parties' pending motions.

---

[1] While the letter is not attached to the Complaint, it is central to and referenced in the Complaint, so the Court may properly consider the letter in ruling on the Motion to Dismiss. *See, e.g.*, *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.") (citations omitted).

**II.     LEGAL STANDARD**

Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  To survive a Rule 12(b)(6) motion to dismiss, while a complaint need not set forth detailed factual allegations, a plaintiff's obligation to provide the grounds for relief requires more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**III.    DISCUSSION**

Ehrich alleges that Convergent's November 2014 letter violated the FDCPA in two ways: first, by failing to advise Ehrich of the time-barred status of the outstanding debt; and second, by making an offer to settle the debt on a discounted basis, which could be construed as a threat to sue if an agreement is not reached.  But, as discussed more fully below, because the FDCPA does not require a debt collector to advise a consumer of a debt's time-barred status, and an offer to settle is not in and of itself a threat to sue, the Complaint fails to state a claim for relief under the FDCPA.  The Complaint as amended is subject to dismissal for these same reasons.

### A. Convergent Was Under No Obligation to Advise Ehrich of the Time-Barred Status of the Debt

Convergent did not violate the FDCPA by failing to inform Ehrich that the debt was outside the applicable statute of limitations. Congress passed the FDCPA to protect consumers from abusive debt collection practices. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir.1998). In determining whether a collection effort violates the FDCPA, this Court employs the "least-sophisticated consumer" standard. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010). According to the Court of Appeals for the Eleventh Circuit,

> The "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*Id.* at 1194.

Under this standard, a debt collector is not required to advise a consumer of any potential defenses to a legal action. *See, e.g.*, *Dimatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, No. 14-3746, 2015 WL 4281508, at *2 (2d Cir. July 16, 2015). That includes advising a consumer of the time-barred status of a particular debt. *See, e.g.*, *Daugherty v. Convergent Outsourcing, Inc.*, No. CIV.A. H-14-3306, 2015 WL 3823654, at *2 (S.D. Tex. June 18, 2015) (noting that neither Section 1692e nor Section 1692f requires that "legal advice must be given on . . . state statutes of limitations for lawsuits . . . ."). Indeed, "the majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); *see also Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014)

(observing that "[f]ederal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f"); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 529 (D. Md. 2001) ("[N]o violation of the FDCPA occurs solely because a debt validation notice silent on the time-bar issue is sent to the debtor."). *But see McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (holding that "a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened . . . .").

In this case, Ehrich does not allege that he is not obligated to pay the debt or that the debt is otherwise invalid. Instead, he claims only that Convergent's failure to advise him that the debt "was too old to be enforced in court" constituted a "false, misleading, and/or deceptive" debt collection practice in violation of the FDCPA. As discussed above, however, Convergent was under no obligation to advise Ehrich that the debt was time-barred by the applicable statute of limitations. Nor did Convergent threaten legal action in any way, even from the point of view of the least sophisticated consumer. The November 2014 letter from Convergent to Ehrich contained no indication or threat that Convergent would be seeking to enforce the debt in court. No lawsuit is mentioned or threatened—either explicitly or implicitly. Because Convergent did not initiate or threaten legal action in connection with its debt collection efforts, it was entitled to seek voluntary repayment of the time-barred debt. Accordingly, Ehrich fails to state a claim under the FDCPA.

### B.     Convergent's Offer to Settle Does Not Constitute a Threat to Sue

The Court rejects Ehrich's argument that Convergent's settlement offer could be construed as a threat to sue.  A debt collector's offer to settle a debt does not in and of itself constitute a threat to bring legal action.  *See, e.g.*, *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) (suggesting that an offer to settle in the absence of a threat to sue is not enough for FDCPA liability); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 478–79 (D.N.J. 2012) ("The letter, however, is an offer to settle the debt and does not constitute or contain a threat to take any action, which is the conduct prohibited by § 1692e(5)"); *Schaefer v. ARM Receivable Mgt., Inc.*, No. CIV.A. 09-11666-DJC, 2011 WL 2847768, at *4 (D. Mass. July 19, 2011) (finding that "[e]ven the least sophisticated consumer would not understand [an offer to settle a debt] to explicitly or implicitly threaten litigation").  For example, in *Daugherty v. Convergent Outsourcing, Inc.*, a case with strikingly similar facts, the court found no basis in the plaintiff's contention that an offer to settle her account in full for pennies on the dollar—rather than to demand full payment of the entire debt—"should reasonably cause an 'unsophisticated consumer' who is 'neither shrewd nor experienced in dealing with creditors' to believe she is being threatened with a lawsuit or that collection could be achieved through judicial means."  2015 WL 3823654, at *6.

Here, the November 2014 letter states, in part, that the current creditor of the debt is "willing to settle [the] account for 50% of [the] total balance due."  The letter contains no threat of any future action, litigation or otherwise.  It lacks language the least sophisticated consumer could reasonably construe as a threat, such as negative consequences in the event of non-payment.  In short, Convergent's use of the word "settle," without more, cannot be taken as a

6

threat, even by the least sophisticated consumer.  For that reason, Ehrich's claim must be dismissed for failure to state a claim upon which relief can be granted.

Ehrich's invocation of *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014, is unavailing.  There the Court of Appeals for the Seventh Circuit held that an offer to settle a debt constituted a threat to sue.  *Id*. at 1020.  With respect to that court, however, whose decisions are not binding in this jurisdiction, this Court finds far more persuasive—and consistent with Eleventh Circuit precedent—the decisions reached by the Third and Eighth Circuits in *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28 (3d Cir. 2011), and *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir. 2001), as well as a great number of courts throughout the country, all of which have ruled that an offer to settle does not constitute a threat.  As one court reasoned:

> The Plaintiff's argument is not compelling.  First, the Court finds from the language of the letter, no threat of legal action is present.  This Court is unwilling to accept that merely encouraging a debtor to take steps to "voluntarily" settle a long overdue account "threatens" that "involuntary" settlement, or court action is imminent.  The language of the notice is clear the debt collector is informing the debtor that the debt collector's attempts to collect the debt are about to come to an end and that the decision of what will happen next will be made by the creditor.  […]  The least sophisticated consumer would not interpret this notice as an indication that legal action was imminent.

*Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1044 (S.D. Ohio 1997).  This Court, like the one in *Powell*, is unwilling to accept that a mere offer to settle signals imminent legal action.

### C.   The Complaint As Amended Is Still Subject to Dismissal

Given the fatal flaws in Ehrich's case, permitting him to amend the Complaint at this juncture would be futile.  A court's "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'"  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)).  Such is the case here.  Ehrich's proposed amended complaint

advances the same legal theory as his initial complaint, and the addition of LVNV as a defendant does nothing to cure the deficiencies discussed above. That Ehrich could establish Convergent knew the debt was unenforceable under the applicable statute of limitations is beside the point. The real issue is whether Convergent engaged in unlawful debt collection by seeking the voluntary settlement of a time-barred debt. Because Convergent neither initiated nor threatened legal action in its collection efforts, the answer is quite simply, no. Therefore, because the complaint as amended is still subject to dismissal, it would be futile to give Ehrich leave to amend. Ehrich's request to amend the Complaint is denied.

## IV.   CONCLUSION

For the foregoing reasons, it is ordered and adjudged as follows:

1. Defendant Convergent Outsourcing, Inc.'s Motion to Dismiss (ECF No. 10) is granted; and

2. Plaintiff David Ehrich's Amended Motion for Leave to Amend (ECF No. 20) is denied.

This case is dismissed with prejudice. The Clerk of Court is instructed to close this case. All pending motions, if any, are denied as moot.

Done and ordered in Chambers at Miami, Florida, this 27th day of October, 2015.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:   Counsel of record